UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                                Chapter 7

IVAN NILES LATIMORE,                              Case No. 25-15276-MAM

    Debtor.
_____/

FERRARI FINANCIAL SERVICES, INC.        Adv. Case No. 25-01273-MAM

    Plaintiff,

v.

IVAN NILES LATIMORE,

    Defendant.
_____/

**FERRARI FINANCIAL SERVICES, INC.'S *EX PARTE*
MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT**

Plaintiff, FERRARI FINANCIAL SERVICES, INC. ("**FFS**"), through undersigned counsel, respectfully requests this Court enter a default against IVAN NILES LATIMORE ("**Defendant**" or "**Debtor**"), by and through undersigned counsel, moves the Court ("**Motion**"), pursuant to Fed. R. Civ. P. 55, made applicable in this adversary proceeding by Fed. R. Bank. P. 7055, and Local Rule 7055-1 and 9013-1, for entry of final default judgment against Defendant and states as follows:

**I. BACKGROUND**

1.    On August 11, 2025, FFS commenced this Adversary Proceeding by filing a complaint [DE 1] ("**Complaint**") against Defendant.

2.    Service of the Summons and Complaint was duly effectuated in compliance with the Federal Rules of Bankruptcy Procedure on August 13, 2025 [DE 4].

3.    On September 15, 2025, FFS filed its Motion for Clerk's Default [DE 7].

4.    On September 16, 2025, the Clerk of the Bankruptcy Court entered a default against the Defendant [DE 8] ("**Default**").

5.    To date, the Defendant has not filed a response to the Complaint, has not sought to vacate the Default, and no attorney has filed an appearance on behalf of the Defendant.

## II. FACTUAL ALLEGATIONS

6.    As set forth in the *Declaration of Turner N. Falk* attached hereto, the Debtor intentionally and fraudulently transferred and concealed assets in order to frustrate creditors, and lied about it on his schedules, in the Creditors Meeting and before this Court.

7.    FFS filed the Complaint, seeking in Counts I-IV to deny the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4) and (5).

## III. ARGUMENT

### A.    Legal Standard

8.    Fed. R. Civ. P. 55(a), as made applicable to bankruptcy proceedings via Bankruptcy Rule 7055, provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *see* Fed. R. Bankr. P. 7055.

9.    Rule 55(b) of the Federal Rules of Civil Procedure sets forth the procedures through which default judgment may be obtained.  Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and is not a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1).  "In all other cases," parties seeking entry of a default judgment "must apply to the

2

court for a default judgment." Fed. R. Civ. P. 55(b)(2). Thus, a default judgment may be entered only by the Court against a party in a case in which a plaintiff seeks relief other than a money judgment for a sum certain. *See Ontra, Inc. v. Wolfe*, 192 B.R. 697 (W.D. Va. 1996).

    **B.**    **Plaintiff is Entitled to Judgment in its Favor on Count I: Denial of Discharge Pursuant to 11 U.S.C. 727(a)(2)**

    10.    To plead a claim under 11 U.S.C. 727(a)(2), a plaintiff must state (i) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, (ii) has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (iii) property of the debtor, within one year before the date of the filing of the petition; or (iv) property of the estate, after the date of the filing of the petition.

    11.    Here, the Debtor concealed property and closed accounts specifically in order to frustrate FFS. See Complaint ¶¶ 40-43.

    12.    The Debtor did so both within one year of the Petition Date (Compl. ¶¶ 42-44) and during the pendency of the case (Compl. ¶¶ 15-22, 42).

    13.    As the well pleaded allegations in the Complaint must be taken as true against the defaulted Defendant, Plaintiff is entitled to a judgment in its favor on Count I of the Complaint.

    **C.**    **Plaintiff is Entitled to Judgment in its Favor on Count II: Denial of Discharge Pursuant to 11 U.S.C. 727(a)(3)**

    14.    To plead a claim under 11 U.S.C. 727(a)(3), a plaintiff must state that the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

15. Here, the Debtor has failed, without justification, to substantiate a number of purported transfers and transactions with a material impact upon his financial condition. See Complaint ¶¶ 48-51.

16. As the well pleaded allegations in the Complaint must be taken as true against the defaulted Defendant, Plaintiff is entitled to a judgment in its favor on Count II of the Complaint.

D. **Plaintiff is Entitled to Judgment in its Favor on Count III: Denial of Discharge Pursuant to 11 U.S.C. 727(a)(4)**

17. To plead a claim under 11 U.S.C. 727(a)(4), a plaintiff must state (i) the debtor knowingly and fraudulently, (ii) in or in connection with the case (iii) made a false oath or account (iv) such false oath was material.

18. Here, the Debtor made a number of false oaths regarding material transactions and assets, both during and in connection with this case, and such false oaths were knowing and fraudulent. See Complaint ¶¶ 55-59.

19. As the well pleaded allegations in the Complaint must be taken as true against the defaulted Defendant, Plaintiff is entitled to a judgment in its favor on Count III of the Complaint.

E. **Plaintiff is Entitled to Judgment in its Favor on Count IV: Denial of Discharge Pursuant to 11 U.S.C. 727(a)(5)**

20. To plead a claim under 11 U.S.C. 727(a)(5), a plaintiff must state (i) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

21. Here, the Debtor is unable to satisfactorily explain the loss of material valuable property, and how this alleged deficiency of assets made him unable to meet his liabilities. See Complaint ¶¶ 62-64.

22. As the well pleaded allegations in the Complaint must be taken as true against the defaulted Defendant, Plaintiff is entitled to a judgment in its favor on Count IV of the Complaint.

Adv. Case No. 25-01273-MAM

.

## CONCLUSION

23. Accordingly, Plaintiff moves for relief pursuant to Fed. R. Civ. P. 55(a) and Fed. R. Bankr. P. 7055 for a default judgment on Counts I-IV of the Complaint.

WHEREFORE, Plaintiff, FERRARI FINANCIAL SERVICES, INC., respectfully requests that default final judgment be entered against Defendant, IVAN NILES LATIMORE, denying his discharge, together with such other relief deemed just and proper.

Dated: October 8, 2025

        **SAUL EWING LLP**
        Attorneys for Ferrari Financial Services, Inc.

    By:    */s/ Carmen Contreras-Martinez*
             Carmen Contreras-Martinez
             Florida Bar No. 93475
             Turner N. Falk
             *Admitted Pro Hac Vice*
             701 Brickell Avenue, Suite 1700
             Miami, Florida 33131
             Telephone: 305-428-4500
             carmen.contreras-martinez@saul.com
             turner.falk@saul.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on October 8, 2025, a true and correct copy of the foregoing was served on Defendant, Ivan Niles Latimore, 340 Royal Poinciana Way, Suite 328-322, Palm Beach, Florida 33480 via U.S. Mail and via Certified Mail, Return Receipt Requested.

             */s/ Carmen Contreras-Martinez*
             Carmen Contreras-Martinez

Adv. Case No. 25-01273-MAM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| IVAN NILES LATIMORE, | Case No. 25-15276-MAM |
|     Debtor. | |
| _____/ | |
| FERRARI FINANCIAL SERVICES, INC. | Adv. Case No. 25-01273-MAM |
|     Plaintiff, | |
| v. | |
| IVAN NILES LATIMORE, | |
|     Defendant. | |
| _____/ | |

### DECLARATION OF TURNER N. FALK IN SUPPORT OF FERRARI FINANCIAL SERVICES, INC.'S *EX PARTE* MOTION FOR ENTRY OF <u>FINAL JUDGMENT AGAINST DEFENDANT</u>

Pursuant to 28 U.S.C. § 1746, Turner N. Falk hereby declares as follows:

1. I am an associate with the law firm of Saul Ewing LLP, counsel for Ferrari Financial Services, Inc. ("**FFS**") in this matter.

2. I respectfully submit this declaration in support of the FFS's *Ex Parte Motion for Entry of Final Judgment Against Defendant* (the "**Motion**").

3. I make this declaration based upon my personal knowledge and my review of documents pertaining to this matter. If called to testify, I would testify to the facts asserted herein.

4. On August 11, 2025, FFS commenced this Adversary Proceeding by filing a complaint [DE 1] ("**Complaint**") against Defendant.

Adv. Case No. 25-01273-MAM

5. Service of the Summons and Complaint was duly effectuated in compliance with the Federal Rules of Bankruptcy Procedure on August 13, 2025 [DE 4].

6. On September 15, 2025, FFS filed its Motion for Clerk's Default [DE 7].

7. On September 16, 2025, the Clerk of the Bankruptcy Court entered a default against the Defendant [DE 8] ("**Default**").

8. To date, the Defendant has not filed a response to the Complaint, has not sought to vacate the Default, and no attorney has filed an appearance on behalf of the Defendant.

9. The Complaint seeks, in Counts I-IV, to deny the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4) and (5).

10. As set forth more fully in the Complaint and exhibits thereto, which are incorporated herein by reference, the Debtor intentionally and fraudulently transferred and concealed assets in order to frustrate creditors, and has lied about it on his schedules, in the creditors meeting and before this Court. His discharge must be denied.

11. The facts alleged in the Complaint, and the Exhibits attached thereto, demonstrate that FFS is entitled to a judgment in its favor on Counts I-IV of the Complaint.

12. As a result of his failure to answer or otherwise respond to the Complaint, Defendant has admitted to all the facts alleged in the Complaint.

13. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 3, 2025

/s/Turner N. Falk
Turner N. Falk