UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              Chapter 7

IVAN NILES LATIMORE,                                Case No. 25-15276-MAM

    Debtor.
_____/

FERRARI FINANCIAL SERVICES, INC.                    Adv. Case No. 25-01273-MAM

    Plaintiff,

v.

IVAN NILES LATIMORE,

    Defendant.
_____/

## NOTICE REGARDING OPPOSING MOTIONS FOR SUMMARY JUDGMENT

    Ferrari Financial Services, Inc. (the "Movant") has moved for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, which adopts by reference Rule 56 of the Federal Rules of Civil Procedure. This means that the Movant has asked the Court to decide this matter in the Movant's favor without a trial, based on written materials, which may include affidavits and other evidence, submitted in support of the motion. The claims asserted by the Movant may be decided without a trial if the Court determines that there is no genuine dispute as to any material fact and the Movant is entitled to judgment as a matter of law.

    You have a right to respond to the motion under Rule 56(c). Your response must comply with the requirements of paragraph 8 of this Court's Order Setting Scheduling Conference and Establishing Procedures and Deadlines entered in this Adversary Proceeding – including the requirement to file with your response a separate Statement of Material Facts. Your response may also include affidavits, declarations or other evidence in opposition to the motion. You may NOT oppose summary judgment simply by relying on the statements you made in your answer or original response. If you do not respond with affidavits or other evidence contradicting the facts asserted by the Movant, the Court may accept these factual assertions as true. Therefore, it is important that you provide support to show that there is an issue for trial based on a dispute of the material facts. On the last page of this notice, you will find a form of affidavit which you may wish to use in responding to the motion for summary judgment.

    Rule 56, which governs motions for summary judgment, provides as follows:

57429828.2

Case 25-01273-MAM    Doc 24    Filed 03/06/26    Page 2 of 5

Adv. Case No. 25-01273-MAM

**Rule 56. Summary Judgment**

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

>>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

>   (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

>   (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

>   (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>   (1) defer considering the motion or deny it;

Adv. Case No. 25-01273-MAM

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Dated: March 6, 2026

        **SAUL EWING LLP**
        Attorneys for Ferrari Financial Services, Inc.

        By:    */s/ Carmen Contreras-Martinez*
                Carmen Contreras-Martinez
                Florida Bar No. 93475
                Turner N. Falk
                *Admitted Pro Hac Vice*
                701 Brickell Avenue, Suite 1700
                Miami, Florida 33131
                Telephone: 305-428-4500
                carmen.contreras-martinez@saul.com
                turner.falk@saul.com

57429828.2

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 6, 2026, a true and correct copy of the foregoing was served on Defendant, Ivan Niles Latimore, via email to showup33@icloud.com.

/s/ *Carmen Contreras-Martinez*
Carmen Contreras-Martinez

57429828.2

Adv. Case No. 25-01273-MAM

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| IVAN NILES LATIMORE, | Case No. 25-15276-MAM |
|     Debtor. | |
| _____ / | |
| FERRARI FINANCIAL SERVICES, INC. | Adv. Case No. 25-01273-MAM |
|     Plaintiff, | |
| v. | |
| IVAN NILES LATIMORE, | |
|     Defendant. | |
| _____ / | |

### **DECLARATION UNDER PENALTY OF PERJURY**

I, [name of person making statements], being at least 18 years of age, hereby declare based on my personal knowledge:

[numbered paragraphs stating facts in support of your position]

1. The facts set forth in Ferrari Financial, Inc.'s Motion for Summary Judgment are true and correct based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.[1]

Executed on [date signed]

_____
[name of person signing declaration - you need to print or type the name clearly below the line and then have the person making the declaration sign his or her name above the line]

---

[1] If executed outside the United States, this statement instead must state "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

57429828.2