United States Bankruptcy Court

Southern District of Florida

Ferrari Financial Services, Inc.,

    Plaintiff

                                                     Adv. Proc. No. 25-01273-MAM

Latimore,

    Defendant

# CERTIFICATE OF NOTICE

District/off: 113C-9                             User: admin                              Page 1 of 2

Date Rcvd: Jul 23, 2026                    Form ID: pdf004                      Total Noticed: 14

The following symbols are used throughout this certificate:

**Symbol**          **Definition**

+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 25, 2026:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion21.tp.ecf@usdoj.gov | Jul 24 2026 00:14:00 | Guy Van Baalen, DOJ-Ust, 501 E. Polk Street, Tampa, FL 33602-3949 |
| ust | + Email/Text: USTPRegion21.MM.ECF@usdoj.gov | Jul 24 2026 00:14:00 | Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130-1614 |
| ust | + Email/Text: USTPRegion03.WL.ECF@USDOJ.GOV | Jul 24 2026 00:14:00 | U.S. Trustee, Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801-3519 |
| ust | + Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jul 24 2026 00:14:00 | U.S. Trustee., US Dept of Justice, Office of the US Trustee, One Newark Center Ste 2100, Newark, NJ 07102-5235 |
| ust | + Email/Text: ustpregion02.br.ecf@usdoj.gov | Jul 24 2026 00:14:00 | United States Trustee, Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014-0699 |
| ust | + Email/Text: ustpregion21.at.ecf@usdoj.gov | Jul 24 2026 00:14:00 | United States Trustee (cabrera), Office of the United States Trustee, 75 Ted Turner Dr., Suite 362, Atlanta, GA 30303-3330 |
| ust | + Email/Text: ustp.region21.or.ecf@usdoj.gov | Jul 24 2026 00:13:00 | United States Trustee (davis), Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
| ust | + Email/Text: ustp.region21.or.ecf@usdoj.gov | Jul 24 2026 00:13:00 | United States Trustee - (ennever), Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
| ust | + Email/Text: ustpregion21.tp.ecf@usdoj.gov | Jul 24 2026 00:14:00 | United States Trustee - FTM, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602-3949 |
| ust | + Email/Text: ustpregion21.tp.ecf@usdoj.gov | Jul 24 2026 00:14:00 | United States Trustee - FTM7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602-3949 |
| ust | + Email/Text: ustp.region21.or.ecf@usdoj.gov | Jul 24 2026 00:13:00 | United States Trustee - JAX 13/7, Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
| ust | + Email/Text: ustp.region21.or.ecf@usdoj.gov | Jul 24 2026 00:13:00 | United States Trustee - ORL, Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
| ust | + Email/Text: ustp.region21.or.ecf@usdoj.gov | | |

| District/off: 113C-9 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jul 23, 2026 | Form ID: pdf004 | Total Noticed: 14 |

| | | Jul 24 2026 00:13:00 | United States Trustee - ORL7/13, Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
|---|---|---|---|
| ust | + Email/Text: ustpregion21.tp.ecf@usdoj.gov | Jul 24 2026 00:14:00 | United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602-3949 |

TOTAL: 14

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | *+ | United States Trustee - ORL7/13, Office of the United States Trustee, George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210 |
| ust | *+ | United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602-3949 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2026          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 23, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Carmen Contreras-Martinez | on behalf of Plaintiff Ferrari Financial Services  Inc. carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;litigationdocketing@saul.com |
| Turner N Falk | on behalf of Plaintiff Ferrari Financial Services  Inc. turner.falk@saul.com, tnfalk@recap.email |

TOTAL: 2



**ORDERED in the Southern District of Florida on July 23, 2026.**

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Chapter 7

IVAN NILES LATIMORE,                                      Case No. 25-15276-MAM

      Debtor.

_____/

FERRARI FINANCIAL SERVICES, INC.        Adv. Case No. 25-01273-MAM

      Plaintiff,

v.

IVAN NILES LATIMORE,

      Defendant.

_____/

### ORDER DENYING FERRARI FINANCIAL SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

This matter having come before the Court on July 8, 2026 on account of the motion of

Plaintiff, FERRARI FINANCIAL SERVICES, INC. ("**FFS**") for summary judgment ("**Motion**")

[DE 23], pursuant to Fed. R. Civ. P. 56, made applicable in this adversary proceeding by Fed. R.

Bank. P. 7056, and after notice and a hearing, and for the reasons stated on the record,[1] it is hereby

ORDERED that:

1.  The Motion is DENIED.


# # #

Submitted by:

Carmen Contreras-Martinez
Florida Bar No. 93475
Turner N. Falk, *Admitted Pro Hac Vice*
SAUL EWING LLP
701 Brickell Avenue
Suite 1700
Miami, Florida  33131
Telephone: 305-428-4500
carmen.contreras-martinez@saul.com

*Attorney Contreras-Martinez is directed to serve a copy of this Order on all interested parties and file a Certificate of Service.*

2

---

[1] See Exhibit A to this order.

<u>**EXHIBIT A - ORAL RULING**</u>

At the pretrial conference on July 8, 2026, the Court stated as follows:

Ferrari Financial Services, the plaintiff in this adversary proceeding, filed a motion for summary judgment against Debtor Ivan Latimore. The complaint seeks relief on four subsections of section 727 of the Bankruptcy Code. The counts are: Count 1 - § 727(a)(2), Count 2 - § 727(a)(3), Count 3 - § 727(a)(4)(A), and Count 4 - § 727(a)(5).

The Court will briefly explain the legal standard for each count. All subsections of § 727(a) provide exceptions to the premise that a bankruptcy court will provide a chapter 7 debtor with a discharge of all debts.

## LEGAL STANDARDS

Before discussing the operative counts, the Court will describe the standard for summary judgment.

### Summary Judgment

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012). The moving party must inform the court of the basis for its motion and identify the portions of the pleadings and other filings that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). Once the moving party makes that required showing, the burden shifts to the non-moving party to rebut it by identifying other relevant admissible evidence. *Josendis*, 662 F.3d at 1314.

### Count 1 - §727(a)(2)

Section 727(a)(2) of the Bankruptcy Code is comprised of two portions, typically pled as separate counts because they involve different time periods. Both portions of § 727(a)(2) provide parameters under which the court will deny a discharge. Those parameters are that the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor or, alternatively, property of the estate.

Subsection (A) addresses property of the debtor within one year before the date of the filing of the petition. Subsection (B) focuses on property of the estate after the date of the filing of the petition.

The objecting party may prove a debtor's actual, subjective intent through circumstantial evidence or inferences drawn from the debtor's course of conduct. *Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1339 (11th Cir. 2008). Indicia of fraud may include:

(1) the lack or inadequacy of consideration for the property received;

(2) the nature of the relationship between the transferor and the transferee;

(3) whether the transferor retains possession, control, benefits, or use of the property in question;

(4) whether the transfer resulted in insolvency;

(5) the cumulative effect of the debtor's transactions and course of conduct after the onset of financial difficulties or threat of suit by creditors; and

(6) the general chronology and timing of the transfer in question.

*Id.* The presence of these factors, although indicative of fraud, is not automatically dispositive, as courts construe provisions denying discharge liberally in favor of the debtor and strictly against the party seeking denial. *Id.* at 1338-39.

Although the underlying concept of intent to hinder, delay, or defraud applies to both subsections, the chronology makes a difference. Because the petition date provides an indelible demarcation in time for application of the Bankruptcy Code, background facts supporting one portion of § 727(a)(2) do not apply to the other. Events that occurred before the petition date and could provide a basis for denial of discharge under § 727(a)(2)(A) are irrelevant to a count seeking denial of discharge under § 727(a)(2)(B). The opposite is also true. Events that transpired after the petition date that might apply to § 727(a)(2)(B) are not relevant to chronological facts supporting a count under § 727(a)(2)(A).

**Count 2 - § 727(a)(3)**

To successfully obtain denial of discharge under § 727(a)(3), the movant must demonstrate (1) the debtor's failure to keep or preserve adequate records, and (2) a resultant impossibility of ascertaining the debtor's financial condition and material business transactions. *Menotte v. Moore (In re Moore)*, 375 B.R. 696, 702 (Bankr. S.D. Fla. 2007) (internal citation omitted). Courts have wide discretion to excuse failure to keep or preserve records if a debtor presents justifiable circumstances for missing documentation. *Id.* The Court must assess the debtor's failure to retain records in light of all the circumstances of the case. *Id.*

**Count 3 - § 727(a)(4)(A)**

Like § 727(a)(2), § 727(a)(4) is comprised of portions that are best pled as individual counts. Because plaintiff only identified one portion, § 727(a)(4)(A), that is the legal standard that the Court will discuss.

Section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless the debtor "knowingly and fraudulently, in or in connection with the case […] made a false oath or account." The purpose of this provision is "to make certain sufficient facts are available to all persons asserting an interest in the administration of a bankruptcy estate without having to undertake investigations or examinations to ascertain whether the information is true." *Invest Atlanta Regional Center v. Smith (In re Smith)*, 578 B.R. 866, 874 (Bank. N.D. Ga. 2017). To justify denial of discharge, the movant must show that the false oath was both fraudulent and material. *Swicegood v. Ginn,* 924 F.2d 230, 232 (11th Cir. 1991); *R&R Express v. Cawthon (In re Cawthon)*, 594 B.R. 913, 923 (N.D. Ga. 2018) (quoting same).

The court may also infer fraudulent intent from the totality of the circumstances surrounding a debtor's case. *Smith,* 578 B.R. at 874. Reckless indifference is tantamount to actual fraudulent intent if omissions and misrepresentations form part of a scheme to retain assets through nondisclosure for a debtor's benefit at the expense of creditors. *Id.*

### Count 4 - § 727(a)(5)

A denial of discharge under § 727(a)(5) is appropriate when a debtor fails to adequately explain a loss or deficiency of assets "before determination of denial of discharge." 11 U.S.C. § 727(a)(5). Whether a debtor satisfactorily explains a loss of assets is a question of fact. *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 619 (11th Cir. 1984). The moving party must prove that the debtor, at one time, owned substantial and identifiable assets that are no longer available for creditors. *Moore*, 375 B.R. at 704. After movant establishes that a loss of assets occurred, the burden shifts to the debtor to provide a satisfactory explanation for the loss. *Id.*

### ANALYSIS

The most difficult obstacle that the Court faced in analyzing the complaint was a lack of specificity in allegations and key facts. They are not fatal to the complaint as a vehicle for commencing litigation, but they make it impossible for the Court to grant summary judgment. I will explain why for each count.

### Count 1 - §727(a)(2)

The complaint uses the phrase "within one year of the filing of the petition" in paragraphs 42, 43, and 44. It is unclear whether the drafter intended to reference the one year prior to the petition date or the one year after it. Background allegations help give context, but the Court should not have to flip back and forth and create its own timeline of events--which it did--to understand what facts are alleged in support of a given count.

Count 1 also does not clarify which portion of § 727(a)(2) is intended to be alleged, subsection (A) or (B). The timing of the allegations matters. The Court

presumes, without explicitly holding, that FFS seeks relief under § 727(a)(2)(A). The necessity of a presumption, however, is concerning.

Although the Court may infer intent to defraud, doing so is a fact-intensive process. Typically, the Court must gauge the candor and credibility of the witness through live testimony. It is possible to infer intent using the six-factor test outlined in *Jennings* I previously described, but doing so requires more factual specificity than is alleged in the Complaint. Paragraphs 43 and 44 of the Complaint provide support but, standing alone, they are too vague to demonstrate intent. What amounts were transferred? On what dates? Did the closing of the bank accounts result in insolvency?

These and other open questions regarding material facts lead the Court to conclude that summary judgment must be denied as to Count 1.

## Count 2 - § 727(a)(3)

Count 2 of the Complaint is also problematic. The record reflects that Latimore failed to keep or preserve adequate records. He acknowledged as much during the 341 hearing in the main case. What is not clear at this point is how that failure produced a resultant impossibility of ascertaining the debtor's financial condition and material business transactions.

At this point, I will pause and note that the Court recognizes that Latimore has not been forthcoming with discovery and disclosure obligations. The Court is sensitive to that aspect of this litigation. The problem is that FFS has not sought or obtained an order compelling Latimore's compliance or seeking the imposition of adverse inferences for failure to comply. I also observe that discovery deadlines described in the order setting pretrial or status conference can be viewed as linked to the pretrial conference itself, which has been continued. That is a generous interpretation, but we are dealing with a pro se litigant.

As with Count 1, the Court concludes that it must deny summary judgment as to Count 2. That conclusion does not foreclose the possibility of success at a later date.

## Count 3 - § 727(a)(4)(A)

Count 3 is closer to the mark, but still falls just short of demonstrating the level of intent necessary for denial of discharge on summary judgment. Latimore has made many inconsistent statements, which leads the Court to believe that FFS will likely prevail on this count. That being said, the complaint and motion for summary judgment do not quite get us there because neither one provides pinpoint record citations. Likewise, the statement of facts--which I note for the record was filed unilaterally after Latimore failed to participate in its drafting--cites to entire exhibits rather than specific pages by line. As the moving party, FFS bears the initial responsibility of identifying "the specific portions of the depositions, answers to interrogatories, and admissions on file, together with the affidavits that it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323

(1986) and *Josendis,* 662 F.3d at 1314-15. The Court cannot do this work for FFS; it must provide the Court with a well-supported pathway for a favorable ruling.

The Court denies summary judgment on Count 3.

## Count 4 - § 727(a)(5)

Count 4 is the count that gave the Court the most pause. The existing record strongly indicates that FFS will prevail, but again, the factual support to date is too thin. Latimore's obfuscating disclosures about loss of assets do not help his cause, but the fact-intensive nature of the inquiry begs for more detail than is present on the existing record, or at least more than is indicated with clear and direct citations. FFS has provided evidence that Latimore owned substantial and identifiable assets that are no longer available for creditors. *Moore*, 375 B.R. at 704. At this point, the burden has shifted to the debtor to provide a satisfactory explanation for the loss. *Id.* The Court again points to Latimore's lack of involvement with discovery as a strong indicator of FFS's likely success on this count. The Court also notes that Latimore seems to have a glib--and perhaps untruthful--explanation whenever pressed for clarity. That being said, the record as it stands at this juncture is not quite enough to make a solid platform for summary judgment. In making this comment, I refer back to the same cases as before, *Celotex,* 477 U.S. at 323 (1986) and *Josendis,* 662 F.3d at 1314-15. The record does not show that a motion to compel was filed and an order entered on that motion. It also does not show, at a level that a layperson would understand, that the lack of disclosure to date is fatal to debtor's defense.

The Court denies summary judgment on Count 4, again with the observation that this count may very well be proven at a later date.

## CONCLUSION

This decision was a close one. The Court has observed Latimore's lack of candor in multiple hearings and read all filings, including the schedules and statements of financial affairs, carefully. The Court also inspected Latimore's handwritten responses, the communications attached as exhibits, and documents filed in other related adversary proceedings. The Court is aware of as many pertinent facts as it can be. They simply are not quite enough as presented to support a finding without sworn testimony from Latimore in response to direct questions from FFS.

In anticipation of what could occur given Latimore's past reluctance to participate in his litigation obligations, the Court will issue the following caution to both parties: if Latimore fails to timely comply with the requirements of the Court's order setting trial, including the provision of all anticipated exhibits and a list of witnesses by the deadline to do so per the order setting trial, the Court reserves the ability to grant final judgment in favor of FFS without a trial. The Court reminds all parties that failure to timely disclose documents or witnesses precludes use of them at trial.