UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                          Chapter 7

IVAN NILES LATIMORE,                            Case No. 25-15276-MAM

      Debtor.

_____/

FERRARI FINANCIAL SERVICES, INC.               Adv. Case No. 25-01273-MAM

      Plaintiff,

v.

IVAN NILES LATIMORE,

      Defendant.

_____/

**PLAINTIFF'S (A) RESPONSE IN OPPOSITION TO LETTER CONSTRUED AS
MOTION FOR JUDICIAL ASSISTANCE AND (B) CROSS-MOTION FOR ENTRY OF
AN ORDER (I) COMPELLING DEBTOR TO RESPOND TO INTERROGATORIES,
PRODUCE DOCUMENTS, (II) DEEMING ADMITTED ALL REQUESTS FOR
ADMISSIONS, (III) COMPELLING DEBTOR'S DEPOSITION; OR IN THE
<u>ALTERNATIVE, (IV) ENTERING JUDGMENT AS A SANCTION</u>**

      Plaintiff, FERRARI FINANCIAL SERVICES, INC. ("**FFS**"), through its undersigned

counsel, hereby responds in opposition to the letter (construed as a motion for judicial assistance

[DE 44] (the "**Letter**") and cross-moves (this "**Motion**"), pursuant to Rule 37 of the Federal Rules

of Civil Procedure (the "**Rules**"), applicable to this adversary proceeding by Rules 7037 and 9014

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and pursuant to Rule

7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of

Florida (the "**Local Rules**"), for the entry of an order, (a) compelling defendant-debtor IVAN

NILES LATIMORE (the "**Debtor**") to respond substantively to the interrogatories that FFS

propounded upon the Debtor pursuant to Rule 33, (b) compelling the Debtor to produce documents

(including electronically stored information) in response to the requests for production that FFS

propounded upon the Debtor pursuant to Rule 34, (c) deeming admitted all requests for admission that FFS propounded upon the Debtor pursuant to Rule 36, and (d) compelling the Debtor to appear for a deposition, or in the alternative, (e) entering judgment against the Debtor and in favor of FFS pursuant to 11 U.S.C. § 727(a)(2)-(5) as a sanction for the Debtor's lack of compliance in discovery.

In support of this Motion, FFS respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Debtor has refused to answer or respond to any discovery in this case, produce any documents, or appear for a deposition.  During a hearing before this Court, the Court directed the Debtor to cooperate in discovery or judgment would be entered against him.  FFS now seeks entry of that judgment as a sanction for the Debtor's complete refusal to engage in *any* part of the discovery process.

2.      This Adversary Proceeding has been pending for almost a year, but in the Letter, the Debtor seeks more time to engage counsel.  The Letter is not a good faith request, just another bad faith attempt to delay.  The relief requested by the Debtor must be denied.

3.      If the Court does not find the Debtor's noncompliance sufficiently harmful to merit the entry of a judgment, this Court should compel the Debtor to promptly provide all the discovery he has refused to produce thus far, and to sit for an in-person deposition.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory predicates for the relief requested herein are Section 105(a) of the Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, Rule 37, Bankruptcy Rules 7037 and 9014, and Local Rule 7026-1.

**<u>RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

6.     On August 11, 2025, FFS commenced this Adversary Proceeding by filing a complaint [DE 1] ("**Complaint**") against the Debtor.

7.     On October 24, 2025, the Debtor filed a letter purportedly answering the Complaint [DE 17] (the "**Letter Answer**").  The Letter Answer include an assortment of documents which are unverified, illegible or otherwise unintelligible.

8.     On June 12, 2025, the 341 meeting of creditors took place, and the Debtor appeared and gave testimony under oath.

9.     On July 29, 2025, a hearing on FFS's objection to the Debtor's claimed exemptions took place, and the Debtor appeared and made argument.

10.     On January 12, 2026, counsel for FFS served the Debtor with discovery requests, including the interrogatories ("**Interrogatories**"), requests for production ("**RFP**") and the requests for admissions ("**RFA**") attached as **<u>Exhibit A</u>**.

11.     On January 12, 2026, the Debtor responded to service of the discovery requests, stating he would not respond to further discovery and would "see you in court."  A copy of this email is attached as **<u>Exhibit B</u>**.  The Debtor has not answered the Interrogatories, RFPs or RFAs or otherwise responded to written discovery requests since that date.

12.     On March 6, 2026, FFS filed a motion for summary judgment [DE 23].

13.     At a July 8, 2026 hearing, the Court denied this motion for summary judgment, and set August 31, 2026 as the deadline to complete all discovery in this case.  At that hearing the

3

Court cautioned the Debtor that it would enter judgment against him as a sanction if he did not cooperate in further discovery.

14. On July 10, 2026, counsel for FFS sent the Debtor the notice of deposition ("**Notice of Deposition**") attached as **Exhibit C**, requesting the Debtor to appear at the Miami offices of Saul Ewing LLP – the offices of FFS's counsel closest to this Court – for a deposition on August 3, 2026.

15. The Debtor responded that he would not appear because "Sir I don't live in Florida so for you to schedule a depo without asking is fuckin rude so fuck that dumb shit" [sic]. See email exchange attached as **Exhibit D**.

16. FFS's counsel attempted to schedule a deposition near the Debtor's place of residence, but the Debtor refused to disclose where – even which country – he lived in.

17. Upon information and belief, the Debtor has a child with a woman residing in Canada, who has pursued the Debtor for child support in a number of proceedings.

18. Upon information and belief, the Debtor will not disclose his location because, among other things, the Debtor wishes to avoid any child support obligation.

19. The Debtor further indicated that he did not intend to appear in-person for a trial on this matter. See Ex. D.

20. On July 20, 2026, counsel for FFS indicated that, given the Debtor's refusal to cooperate in setting up an agreeable deposition location, the Debtor must appear in Miami for the already-noticed August 3, 2026 deposition.

21. The Debtor filed the Letter on July 29, 2026. In the Letter, the Debtor admits he refused to sit for a deposition, and asks the Court to force FFS to take his deposition by Zoom, and "allow me to find a lawyer to help me as I do not feel comfortable answering these insane questions fairly." Letter at 2.

22.     On August 3, 2026, the Debtor did not appear for the deposition.

23.     FFS now moves to compel the Debtor to comply with his discovery obligation, or alternatively, for the entry of a judgment in FFS's favor as a sanction.

## ARGUMENT

### A. The Debtor's Letter Request Must Be Denied

24.     The Court has elected to treat the Letter as an informal request for Court intervention.  The Letter seeks some combination of relief akin to a protective order, quashing FFS's discovery requests and deposition notice, and a continuance of all proceedings to seek legal counsel.

25.     This request must be assessed in light of Fed. R. Civ. P. 26(b)(1), which provides a broad right to seek discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," subject to certain limitations.

26.     Per Fed. R. Civ. P. 26(c), this extensive right to take discovery may be limited on motion by a protective order: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

27.     The scope of Rule 26(c) is more limited than it appears on its face, as the 11th Circuit and other courts "have superimposed a somewhat more demanding balancing of interests approach" upon requests for protection from discovery.  *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

28.     In balancing these interests, courts should consider, among other things, "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1251 (11th Cir. 2020) *quoting In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

29.     Here, the balance of interests is not complex.  The Debtor does not want to produce the information sought in discovery.  That is his entire basis for the requested relief which falls far short of "good cause," and should carry no weight.

30.     His request for time to engage counsel is far too late, and FFS submits it is disingenuous.  The Debtor does not propose any specific counsel, and as he maintains that he is penniless, it is not reasonable to assume that any counsel would be willing to take him on as a client at this late stage in an adversary proceeding.  Instead, the Debtor's request is a delay tactic.

31.     The harm to FFS is clear and evident.  FFS submits that it will prevail on its claims to deny the Debtor his discharge.  Notwithstanding, this Court has denied FFS's motion for default judgment, and FFS's motion for summary judgment, both largely on account of the Debtor's failure to engage in the legal process except to cause delay.

32.     FFS has been forced to expend legal fees far beyond those that would have been necessary if the Debtor had engaged in the case with any shred of good faith.

33.     If the relief in the Letter is granted, the case will effectively start from scratch, as though FFS's discovery was just served yesterday, forcing FFS to expend substantial time and effort.

34.     The Debtor cannot demonstrate good cause, and the balance of harms exclusively favors FFS.  The Letter must be denied.

**B.  The Debtor Must Be Sanctioned for Failure to Respond to RFPs and Interrogatories and Refusal to Sit for a Deposition**

35.     Rule 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).

36.     Bankruptcy Rules 7037 and 9014(c) instruct that Rule 37 governs motions to compel discovery in adversary proceedings.  Rule 37(a) permits a party to seek an order compelling discovery when another party fails to respond to interrogatories under Rule 33 or to produce

6

documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv); *see also Sempier v. Johnson & Higgins*, 45 F.3d 724, 735 (3d Cir. 1995) ("Rule 37 provides the court with tools to give the litigants new and proper bearings. A court may compel answers to interrogatories or deposition questions, compel the production of documents, or conversely, grant protective orders.").

37.    In that regard, Rule 37 provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

38.    Relevant here, Rule 37 provides that if a motion to compel is granted, or if the discovery being sought is provided after the filing of that motion, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award will not be entered if one of three factors is present, including that the non-moving party's failure to satisfy its discovery obligations was "substantially justified" or that "other circumstances" make the entry of such an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513-14 (D. Nev. 2020) (awarding expenses after granting motion to compel discovery); *Burkett ex rel. Estate of Burkett v. AIG Claim Services, Inc.*, 244 F.R.D. 328, 330-31 (N.D. W. Va. 2005) (discussing what constitutes "substantially justified" failure to comply with discovery obligations and awarding attorneys' fees); *Biovail Corp. v. Lylan Laboratories, Inc.*, 217 F.R.D. 380, 382-83 (N.D. W.Va. 2003) (discussing circumstances in which award of attorneys' fees and expenses should be considered and how courts may determine amount of award); *Aerwey Laboratories, Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565-66 (N.D. Ill. 1981) (awarding reasonable attorneys' fees and expenses after undue

delay in responding to interrogatories and requests for production following repeated requests for responses).

39.     A party will prevail on a motion to compel where it complied with the Rules in furnishing its discovery requests and the responding party was deficient in its response. *See, e.g.*, *SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC*, Civ. No. 08-084-SLR, 2009 WL 1795177, at *3 (D. Del. Jun. 24, 2009) (granting motion to compel responses to interrogatories and documents requests); *Marshall v. Elec. Hose & Rubber Co.*, 69 F.R.D. 287, 295 (D. Del. 1975) (compelling discovery where it was merely "conceivable that it might have a bearing upon the subject matter of this action.").

40.     A "default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

41.     A court will enter a default judgment as a sanction for a discovery violation if "the moving party was prejudiced by that violation; and that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Hornady v. Outokumpu Stainless USA*, 572 F. Supp. 3d 1162, 1188 (S.D. Ala. 2021) *quoting Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001).

42.     Here, the Debtor "richly deserved the sanction of a default judgment." *Malautea v. Suzuki Motor Co.*, 987 F.2d at 1542.

43.     FFS served the Debtor with Interrogatories, RFPs and RFAs on January 12, 2026. See Ex. A.

44.     The Debtor did not respond, and stated that he would **never respond**, to these discovery requests.  See Ex. B.

45.     The Debtor also refused to sit for a deposition unless it was remote.  The Debtor has had inconsistent access to remote technology, and repeatedly asserted that he did not receive

documents emailed to him at his chosen email address.  In addition, FFS's need to assess the Debtor's credibility is a key aspect of its case which relies at least in part on the Debtor's subjective intent in making certain transfers of property, and statements about why he made those transfers. Instead of appearing for an in-person deposition, like the in-person trial already ordered by the Court, the Debtor asserted that he would appear remotely for trial as well.  See Ex. D.

46.     As of the filing of this Motion, the Debtor has not responded in any manner to these discovery requests; FFS has no information aside from what it possessed when the Complaint was filed, or included in documents filed in the main bankruptcy case.

47.     The Debtor's bad faith is self-evident: he does not attempt to provide information or answers.  He curses at counsel and flouts Court directives.

48.     FFS has been prejudiced by these failures.  The delay, the necessity of this Motion, and the increased legal costs have caused harm to FFS, all arising from the Debtor consistently taking advantage of his own non-compliance.

49.     No lesser sanction will punish this violation properly.  Another Court directive to comply will only produce more delay, and no actual discovery.  Moreover, this Court has already advised the Debtor that non-compliance would result in entry of a judgment as a sanction.

50.     The Court should grant this Motion and enter judgment on FFS's complaint, denying the Debtor his discharge under 11 U.S.C. § 727(a)(2)-(5).

## C.  In the Alternative the Debtor Must Be Compelled to Engage in Discovery

51.     FFS's preferred relief is the entry of a judgment, which will end this proceeding rather than seek further compliance from a Debtor who has already sworn he will never comply.

52.     However, if this Court does not enter a judgment, the Debtor must be compelled to actually engage with the discovery process.  He must answer the Interrogatories, produce

documents responsive to the RFP and sit for an in-person deposition at a convenient location wherever he may be located.

**D. The RFAs Must Be Deemed Admitted for All Purposes in this Proceeding**

53. Pursuant to Fed. R. Civ. P. 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

54. FFS served the RFAs seven (7) months ago on January 12, 2026.

55. The Debtor has not responded in any way to the RFAs as of the date of this Motion.

56. If this proceeding does not conclude via a judgment entered upon this Motion, FFS wishes to ensure the black-letter purpose of Rule 36 is followed: <u>RFAs are deemed admitted unless denied</u>. Anything less would allow the Debtor to change his story, and dispute facts FFS has already relied upon to FFS's great prejudice.

57. The RFAs must be deemed admitted.

**<u>RULE 37(a)(1) AND LOCAL RULE 9013-1(a) CERTIFICATION</u>**

58. The undersigned counsel for FFS hereby certifies pursuant to Rule 37(a)(1) and Local Rule 9013-1 that counsel has in good faith conferred or attempted to confer with the Debtor regarding the issues discussed in this Motion in an attempt to obtain the information and documents sought without Court action.

59. Specifically, as noted above, FFS's counsel emailed the Debtor regarding his deficient discovery responses and attempted to schedule a deposition, but was unsuccessful in obtaining the Debtor's compliance.

## CONCLUSION

60.     For all of the foregoing reasons, FFS respectfully requests that the Court enter an order (a) granting this Motion in its entirety, (b) entering a judgment against the Debtor as a sanction and (c) granting to FFS such other and further relief as the Court deems just and proper.

Dated: August 12, 2026

**SAUL EWING LLP**

By:     */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez
        Florida Bar No. 93475
        Turner N. Falk (admitted *pro hac vice*)
        701 Brickell Avenue
        Suite 1700
        Miami, Florida  33131
        Telephone: 305-428-4500
        carmen.contreras-martinez@saul.com
        turner.falk@saul.com
        *Attorneys for Ferrari Financial Services, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on August 12, 2026, the *Plaintiff's (A) Response In Opposition To Letter Construed As Motion For Judicial Assistance And (B) Cross-Motion For Entry Of An Order (I) Compelling Debtor To Respond To Interrogatories, Produce Documents, (II) Deeming Admitted All Requests For Admissions, (III) Compelling Debtor's Deposition; Or In The Alternative, (IV) Entering Judgment As A Sanction* was served on Defendant, Ivan Niles Latimore, via electronic mail at: Showup33@icloud.com.

Dated: August 12, 2026

**SAUL EWING LLP**

By:     */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez
        Florida Bar No. 093475

11

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                          Chapter 7

IVAN NILES LATIMORE,                            Case No. 25-15276-MAM

      Debtor.

_____/

FERRARI FINANCIAL SERVICES, INC.               Adv. Case No. 25-01273-MAM

      Plaintiff,

v.

IVAN NILES LATIMORE,

      Defendant.

_____/

**FERRARI FINANCIAL SERVICES, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS**

Plaintiff, FERRARI FINANCIAL SERVICES, INC. ("**FFS**"), through undersigned counsel, hereby requests pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure (the "**Federal Rules**") as made applicable herein pursuant to Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") that IVAN NILES LATIMORE ("**Defendant**" or "**Debtor**"), (i) answer the following interrogatories (each an "**Interrogatory**") in writing, separately, and under oath, (ii) respond to the following requests for production of documents (each a "**Document Request**") and produce documents responsive to the Document Requests to FFS via email: **Saul Ewing LLP, 1735 Market Street, Centre Square West, 34ᵗʰ Floor, Philadelphia PA 19103, Attn: Turner N. Falk**, turner.falk@saul.com and (iii) answer the following requests for admissions (each an "**RFA**").  The Interrogatories, Document Requests and RFAs (collectively, the "**Discovery Requests**") are to be read and responded to in accordance with

57016685.1

the following Definitions and Instructions.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.      As used herein, "Debtor" means IVAN NILES LATIMORE.

2.      As used herein, "Petition Date" means May 12, 2025, the date petition was filed commencing the Debtor's bankruptcy case.

3.      As used herein, the "Vehicle" means a 2019 Ferrari Portofino, VIN # ZFF89FPA6K0239003.

4.      As used herein, the "Property" means the real property located at 5555 Gun Club Road, West Palm Beach, FL 33415

5.      As used herein, "CASA" means a purported entity named CASA DE GREATNESS LLC.

6.      As used herein, "you" and "your" or "Defendant" means the Debtor, the defendant in this adversary proceeding and his officers, directors, representatives, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants, sureties, agents, and other persons acting or purporting to act in the Debtor's name. "You" and "your" or "Defendant" shall be construed to mean also the Debtor's predecessors in interest, including, where applicable, the Debtor.

7.      As used herein, "persons" means any natural person or entity, including without limitation individuals, partnerships, firms, associations, joint ventures, corporations, or other entities, whether real or fictitious.

2

57016685.1

8.      As used herein, "Complaint" means the complaint that was filed under the adversary case number appearing on the caption of the instant document including any amendments thereto, at Adv. D.I. 1.

9.      As used herein, "Answer" means the Debtor's purported answer to the Complaint filed in the instant adversary proceeding, including any amendments thereto.

10.      As used herein, "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated, including but not limited to any writings, recordings, or photograph, whether original or duplicate, as defined in Federal Rules of Evidence 1001, Federal Rule of Civil Procedure 34(a), and Bankruptcy Rule 7034, inclusively, including (but not limited to) inter-office memorandum, general credit policy(ies) regarding the Debtor's account, notes to file, facsimile transmissions between the FFS and Defendant (irrespective of sender), email correspondence between the FFS and Defendant (irrespective of sender) and information obtained from outside reporting services, UCC searches, legal searches and through discussions at industry trade group meetings.

11.      As used herein, "debt" means liability on a claim, as defined in section 11 U.S.C. § 101(12).

12.      As used herein, "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

13.      As used herein, the term "identify" when used in reference to a person, means to set forth:

      A.      The person's name;

      B.      The person's present or last known business address, email, and telephone number;

      C.      The person's present or last known residence address and telephone number;

      D.      The person's present employer and position.

14. As used herein, the term "identify" when used in reference to a Document, means to set forth:

    A. its date and approximate date of preparation;

    B. its title, if any;

    C. the type of Document (e.g., letter, memorandum);

    D. its substance;

    E. the present or last known location and custodian of it and of any copies; and

    F. the identity if each person who was its author and/or signatory, along with all of the information specified in paragraph 11 above concerning such person(s).

15. As used herein, the term "identify" when used in reference to a payment or to the transfer of property, means to set forth:

    A. if the payment or other transfer was completed in the course of a single day, state the date of that day;

    B. if the payment or other transfer was not completed in the course of a single day, state:

        1. the date the transferor sent the property to the transferee; and

        2. the date the transferee received the property.

    C. the method of payment or other transfer (i.e., check, cash, cashier's check);

    D. if the payment or other transfer was by check, state:

        1. the date of the check;

        2. the amount of the check;

        3. the payor of the check;

        4. the payee of the check;

        5. the endorser of the check;

        6. the date the check was cashed or deposited by the payee; and

        7. if the check was returned for insufficient funds and later redeposited, the date the check was returned and the subsequent date on which the check was honored.

    E. state the transferor and transferee of the property transferred;

4

57016685.1

F.    state the nature and amount of the property transferred;

G.    state the benefit or consideration received by the transferor in exchange for the property transferred; and

H.    state all Documents relating or referring to the payment or other transfer.

16.    The term "or" includes "and."

17.    The term "any" includes "all."

18.    The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

19.    As used herein, the term "creditor" shall be defined as set forth in 11 U.S.C. § 101(10).

## **INSTRUCTIONS**

A.    The Discovery Requests are continuing so as to require supplementation if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary information in response to Interrogatories and documents in response to Document Requests must be served and/or produced reasonably promptly after receipt or discovery of such information or documents.

B.    Your duty to respond to the Discovery Requests includes furnishing of all information, documents and materials which are in Your possession, custody or control or otherwise available to You, including all information, documents and materials which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on Your behalf.  If You are unable to locate any requested information or document after exercising due diligence to secure such information or document, then You are required to so state and include all relevant detail regarding Your efforts to locate any such requested information or documents.

5

57016685.1

Adv. Case No. 25-01273-MAM

C.     In the event that any Document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has possession of such Document or knowledge of its contents.

D.     If any Document is not produced under a claim of privilege or discovery doctrine, for each such Document identify the nature of the privilege or discovery doctrine that is being claimed, indicate the Document Request to which the Document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of Document, including the number of pages, and attachments or appendices; (2) the date of the Document; (3) the author of the Document; (4) each addressee of the Document, and, where not apparent, the relationship of the author and the addressee(s) to each other; (5) the general subject matter of the Document; and (6) such other information sufficient to identify the Document for a subpoena *duces tecum*.

E.     In the event You assert common interest privilege as a ground for non-production of any Document or provision of any information in response to the Discovery Requests, state the date of such executed common interest agreement, the general subject matter thereof, parties to such common interest agreement, and produce a copy of such agreement.

F.     In the event that any Document responsive to a Document Request has been destroyed, discarded, or otherwise disposed of, identify the Document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (1) Person destroying or disposing of the Document; and (m) the Document Request or Document Requests to which the Document is responsive.

G.     Documents produced in response to these Discovery Requests shall be in full,

6

57016685.1

without abridgment, abbreviation, or expurgation.

H.     To the extent this request seeks production of ESI, such information should be produced in its Native Format, on a hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow alter any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall mean the format that the data was original created in. This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

I.     All archived data being produced in response to the Discovery Requests should be provided with the means to view and export such data. Paper Documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs or other material among such paper Documents that would otherwise loose the color format should be scanned in .JPEG or other standard color format.

J.     All Documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Federal Rule 45, made applicable to this Adversary Proceeding by Bankruptcy Rule 9016.

57016685.1

## **INTERROGATORIES**

1. Identify the country in which You currently reside.

2. Explain why the police report from Beverly Hills Police Department dated September 12, 2022 does not include a report that the Vehicle was stolen.

3. Explain why You did not cooperate with State Farm Insurance Company in making a claim for insurance coverage for the purportedly stolen vehicles.

4. Explain Your basis for the allegation that State Farm Insurance Company acted in concert with FFS to deny insurance coverage for the alleged theft of the Vehicle.

5. Explain all actions You took to protect Your assets from FFS following the entry of a money judgment in favor of FFS.

6. Identify all contracts and services provided by CASA to You or any business You control.

7. Explain Your background with CASA including how to came to know this business, when CASA provided goods or services to you, the amount paid on account of those goods or services, and the amount owed but unpaid for those goods or services.

8. Identify the value of the Property on the date You allegedly transferred it to CASA, and all consideration You received in exchange for the transfer of the Property.

57016685.1

**REQUESTS FOR PRODUCTION**

1.      All documents You relied upon in responding to the Interrogatories.

2.      All contracts, agreements, invoices, purchase orders or other Documents evidencing or concerning the terms of the Debtor's business relationship with CASA.

3.      All deeds or other Documents relating to the purported transfer of title to the Property to CASA.

4.      All Documents relating to the alleged use of the Debtor's identity by others.

5.      All Documents relating to the alleged theft of the Vehicle or any other vehicles owned by the Debtor.

6.      All documents evidencing Your travel out of the United Stated between July 1, 2022 and September 30, 2022.

7.      All documents evidencing Your travel out of the United Stated between June 1, 2024 and July 30, 2024.

8.      All Documents upon which You intend to rely or introduce into evidence to support any claim in the Answer and not produced in response to the preceding requests.

57016685.1

**REQUESTS FOR ADMISSION**

1.     Admit that on August 24, 2023, a judgment in the amount of $301,290.61, with interest accruing from that date, was entered against you and in favor of FFS.

2.     Admit that FFS took collections actions against You following the entry of this judgment, including garnishing Your bank accounts.

3.     Admit that You closed your bank accounts prior to the Petition Date in order to hinder FFS's attempts to garnish these accounts.

4.     Admit that You have no interest in the Property.

5.     Admit that You have a present interest in the Property.

6.     Admit that CASA is a limited liability company that has been organized under the law of the applicable state.

7.     Admit that You are a member of CASA.

8.     Admit that You were previously a member of CASA.

9.     Admit that CASA is Your alter ego.

10.     Admit that You transferred the Property to CASA.

11.     Admit that You transferred the Property to CASA without receiving consideration in exchange.

12.     Admit that the Property is presently raw land with no structure upon it.

13.     Admit that the structure located on the Property burned down.

14.     Admit that You are in possession of the Vehicle.

15.     Admit that You waited in excess of two years to report the alleged theft of the Vehicle.

16.     Admit that on June 17, 2024, You, using the alias of "Ice Latimore," took the Vehicle to Star Tires Plus Wheels in Hartford, Connecticut for tire services.

Adv. Case No. 25-01273-MAM

17.     Admit that Exhibit A to the Complaint is genuine and authentic.

18.     Admit that Exhibit B to the Complaint is genuine and authentic.

19.     Admit that Exhibit C to the Complaint is genuine and authentic.

20.     Admit that Exhibit D to the Complaint is genuine and authentic.

21.     Admit that You concealed Your property within one year of the Petition Date with the intent to hinder, delay or defraud a creditor.

22.     Admit that You have, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Your financial condition or business transactions might be ascertained.

23.     Admit that You knowingly and fraudulently made material misstatements in or in connection with the bankruptcy case.

24.     Admit that You cannot satisfactorily explain the loss of Your assets or why your assets are insufficient to meet the Your liabilities.


Dated: January 12, 2026


SAUL EWING LLP
Attorneys for Ferrari Financial Services, Inc.

By:     */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez
        Florida Bar No. 93475
        Turner N. Falk
        *Admitted Pro Hac Vice*
        701 Brickell Avenue, Suite 1700
        Miami, Florida  33131
        Telephone: 305-428-4500
        carmen.contreras-martinez@saul.com
        turner.falk@saul.com


11

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on January 12, 2026, a true and correct copy of the foregoing was served on Defendant, Ivan Niles Latimore, via email, to showup33@icloud.com.

*/s/ Carmen Contreras-Martinez*

Carmen Contreras-Martinez

57016685.1

# EXHIBIT B

## Falk, Turner N.

| | |
|---|---|
| **From:** | Latimore Latimore <showup33@icloud.com> |
| **Sent:** | Monday, January 12, 2026 2:06 PM |
| **To:** | Falk, Turner N. |
| **Subject:** | Re: Ferrari v. Latimore: Rule 26 Initial Disclosures and First Set of Discovery Requests |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

I have no documentation of anything other than what I've submitted. I will see you in court as the judge said .
Respect 🙏🏽

On Jan 12, 2026, at 19:19, Falk, Turner N. <turner.falk@saul.com> wrote:

Mr. Latimore,
Please find attached Ferrari Financial Services' Initial Disclosures and First Set of Discovery Requests.  The Complaint is also attached for your convenience.

Thank you,



**Turner N. Falk**
Associate
(215) 972-8415  (732) 773-3533
turner.falk@saul.com

1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504

CA • DE • FL • IL • MA • MD • MN • NJ • NY • PA • DC

<FFS_Latimore - Rule 26 Initial Disclosures(57037576.2).pdf>
<FFS_Latimore - RFAs_ Rogs and RFPs(57016685.1).pdf>
<56047800-v1-2025-08-11 - DE59 - Adversary case 25-01273. Complaint by Ferrari Financial Services, Inc. against Ivan Niles Latimore. - 25-15276 - Filed +5.pdf>

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                      Chapter 7

IVAN NILES LATIMORE,                        Case No. 25-15276-MAM

        Debtor.
_____/

FERRARI FINANCIAL SERVICES, INC.        Adv. Case No. 25-01273-MAM

        Plaintiff,

v.

IVAN NILES LATIMORE,

        Defendant.
_____/

**NOTICE OF DEPOSITION OF IVAN LATIMORE**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, made applicable hereto by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiff will take the deposition of defendant Ivan Latimore on **August 3, 2026**, beginning at **9:00 a.m.** Eastern Time.

The deposition will take place at the offices of Saul Ewing LLP, 701 Brickell Avenue, Suite 1700, Miami, Florida 33131; and will be recorded by stenographic means. The deposition will continue from day to day until completed and is to be used for all purposes permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

58230584.1 07/10/2026

Dated:  July 10, 2026                              **SAUL EWING LLP**

By:    */s/ Carmen Contreras-Martinez*
        Carmen Contreras-Martinez
        Florida Bar No. 93475
        Turner N. Falk (admitted *pro hac vice*)
        701 Brickell Avenue
        Suite 1700
        Miami, Florida  33131
        Telephone: 305-428-4500
        carmen.contreras-martinez@saul.com
        turner.falk@saul.com
        *Attorneys for Ferrari Financial Services, Inc.*

2

58230584.1 07/10/2026

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                              Chapter 7

IVAN NILES LATIMORE,                                 Case No. 25-15276-MAM

      Debtor.

_____/

FERRARI FINANCIAL SERVICES, INC.                    Adv. Case No. 25-01273-MAM

      Plaintiff,

v.

IVAN NILES LATIMORE,

      Defendant.

_____/

## <u>CERTIFICATE OF SERVICE</u>

I, Carmen Contreras-Martinez, hereby certify that on July 10, 2026, a copy of the *Notice of Deposition of Ivan Latimore* was served via Electronic Mail on the below parties.

      Ivan Latimore
      showup33@icloud.com

**SAUL EWING LLP**

      By:    */s/ Carmen Contreras-Martinez*____
             Carmen Contreras-Martinez
             Florida Bar No. 93475
             Turner N. Falk, *Admitted Pro Hac Vice*
             701 Brickell Avenue, Suite 1700
             Miami, Florida  33131
             Telephone: 305-428-4500
             carmen.contreras-martinez@saul.com
             turner.falk@saul.com

Dated:  July 10, 2026

58230584.1 07/10/2026

# EXHIBIT D

| | |
|---|---|
| **From:** | Latimore Latimore |
| **To:** | Falk, Turner N. |
| **Subject:** | Re: Ferrari Financial Service v. Ivan Latimore: Notice of Deposition |
| **Date:** | Monday, July 20, 2026 4:53:46 PM |

Ur a stupid fuckin asshole ur lucky ur a clown and a waste of human flesh I said I don't live where u keep saying sanction me all u want I told u already im not available for your in person deposition and I have rights to you dumb clown .
I'm one to play games with keep tell the muse on me she sees I am in compliance with ur foolishness. Set the deposition for zoom that is where I'm Able stop playing me for a fool.

On Jul 20, 2026, at 16:09, Falk, Turner N. <turner.falk@saul.com> wrote:

Mr. Latimore,
As you have been unwilling to coordinate an in-person deposition with me, I am re-sending the earlier Notice of Deposition for your records.  We will expect you in-person at Saul Ewing's Miami offices on August 3.  The Court has already indicated that it may enter judgment against you as a sanction for non-cooperation.  I will pursue that judgment immediately if you do not appear.

Thank you,

**Turner N. Falk**
Associate
**SAUL EWING LLP** | Philadelphia
**Office:** (215) 972-8415   **Cell:** (732) 773-3533

**From:** Latimore Latimore <showup33@icloud.com>
**Sent:** Friday, July 17, 2026 7:14 PM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Subject:** Re: Ferrari Financial Service v. Ivan Latimore: Notice of Deposition

I don't live anywhere have no resident in USA

On Jul 17, 2026, at 13:10, Falk, Turner N. <turner.falk@saul.com> wrote:

Mr. Latimore, my firm has offices all around the country.  I will schedule an in-person deposition near where you live.  Where do you live?

**Turner N. Falk**
Associate
**SAUL EWING LLP** | Philadelphia
**Office:** (215) 972-8415   **Cell:** (732) 773-3533

**From:** Latimore Latimore <showup33@icloud.com>
**Sent:** Friday, July 17, 2026 1:06 PM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Subject:** Re: Ferrari Financial Service v. Ivan Latimore: Notice of Deposition

I don't live anywhere near Florida . I don't know why u keep asking me when I said I don't live there and will be available via zoom

> On Jul 17, 2026, at 12:56, Falk, Turner N. <turner.falk@saul.com> wrote:
>
> Mr. Latimore, I will ask again: where do you live, so I can schedule an in-person deposition?
>
> **Turner N. Falk**
> Associate
> **SAUL EWING LLP** | Philadelphia
> **Office:** (215) 972-8415    **Cell:** (732) 773-3533

**From:** Latimore Latimore <showup33@icloud.com>
**Sent:** Friday, July 17, 2026 10:33 AM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Subject:** Re: Ferrari Financial Service v. Ivan Latimore: Notice of Deposition

I will let the judge know I don't live in Florida and can not afford to get there so it will have to be remote if your not willing to do so.

> On Jul 17, 2026, at 09:46, Falk, Turner N. <turner.falk@saul.com> wrote:
>
> Mr. Latimore,
> A remote deposition is not acceptable in this matter.
> First, I would wish to question you about a number of

documents.  It is cumbersome, bordering on impossible, to place this many documents before you remotely, especially since you have previously said you cannot receive large documents by email and do not have routine access to a computer.

Further, I have the right to take reasonable discovery as I want in order to prove my case.  Your deposition must be in-person so I can assess your credibility, just like the Judge will eventually do at the in-person trial.

I am willing to make arrangements appropriate to where you are living now.  Please let me know so we can work them out.

> **Turner N. Falk**
> Associate
> **SAUL EWING LLP**  | Philadelphia
> **Office:** (215) 972-8415   **Cell:** (732) 773-3533

**From:** Latimore Latimore <showup33@icloud.com>
**Sent:** Wednesday, July 15, 2026 9:29 PM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Subject:** Re: Ferrari Financial Service v. Ivan Latimore: Notice of Deposition

It will have to be zoom I don't live in Florida

On Jul 15, 2026, at 11:23, Falk, Turner N. <turner.falk@saul.com> wrote:

Mr. Latimore,
Thank you for writing back.  Where are you living now, so we can schedule an appropriate deposition?

> **Turner N. Falk**
> Associate
> **SAUL EWING LLP**  | Philadelphia
> **Office:** (215) 972-   **Cell:** (732) 773-3533

8415

**From:** Latimore Latimore
<showup33@icloud.com>
**Sent:** Friday, July 10, 2026 11:14 PM
**To:** Falk, Turner N.
<turner.falk@saul.com>
**Subject:** Re: Ferrari Financial Service v.
Ivan Latimore: Notice of Deposition

**\*\*EXTERNAL EMAIL\*\* - This message
originates from outside our Firm. Please
consider carefully before responding or
clicking links/attachments.**

Sir I don't live in Florida so for you to
schedule a depo without asking is
fuckin rude so fuck that dumb shit

On Jul 10, 2026, at 11:28,
Falk, Turner N.
<turner.falk@saul.com>
wrote:

Mr. Latimore, please find
attached a notice requiring
you to appear for a
deposition at the Miami
offices of Saul Ewing on
August 3, 2026 at 9:00 a.m.

Thank you,

**Turner N. Falk**
Associate
(215) 972-8415  (732) 773-3533
turner.falk@saul.com



1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504

CA • DE • FL • GA • IL • MA • MD • MN • NJ • NY • PA • DC

<Latimore - Notice of Deposition(58230584.pdf>

<Latimore - Notice of Deposition(58230584.pdf>