UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-15276-MAM

IN RE:
IVAN NILES LATIMORE,
Debtor.
_______________________________/

ECF# (41) and (44)
July 29, 2025

The above-entitled cause came on for hearing before the Honorable ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on July 29, 2025, commencing at or about 10:00 a.m., and the following proceedings were had.

Transcribed from a Digital Recording By:
Anna M. Meagher, Shorthand Reporter

APPEARANCES:
(Via Zoom Video Conference:)

Furr & Cohen, P.A., by
Alan R. Crane, Esquire
On behalf of the Chapter 7 Trustee
Email: Acrane@furrcohen.com

Saul Ewing Arnstein & Lehr, by
Turner N. Falk, Esquire
On behalf of Ferrari Financial Services, Inc.
Email: Turner.falk@saul.com

Ivan Niles Latimore, Pro Se

- - - - - - -

THE CLERK: The next matter we have is Ivan Niles Latimore, Case No. 25-15276.

Mr. Latimore?

MR. LATIMORE: Good morning.

THE COURT: Good morning.

THE CLERK: Mr. Falk?

MR. FALK: Good morning, Your Honor.

THE CLERK: Mr. Crane, are you appearing for this case?

MR. CRANE: Yes.

Good morning, Your Honor. Alan Crane on behalf of Nicole Testa Mehdipour, the Chapter 7 trustee in the case.

THE CLERK: I believe that's it.

THE COURT: Is -- Mr. Falk?

MR. FALK: Yes, Your Honor. Turner Falk of Saul Ewing, counsel for -- I guess, objector/movant, Ferrari Financial Services.

THE COURT: Right. And so it is your -- why don't we hear from you first, and then I'll hear from the trustee.

MR. FALK: Certainly, Your Honor.

And I'll just point out before I begin that I believe the trustee's objection to the exemptions is identical with some of the bases asserted in Ferrari's

objection.

THE COURT: Yes, I've read both.

MR. FALK: Wonderful, Your Honor.

So Ferrari Financial Services has filed this objection to the debtor's claimed exemption that appears to be an attempt to claim a homestead-like exemption in a piece of real property. But both legally and factually, this exemption is invalid.

The first thing that I'll point out, Your Honor, is that no response has been filed. This objection is unopposed and should be granted on that basis alone.

THE COURT: Well, you should hit the substance of the objection, because in this court, we don't require a response unless the rules provide that a response is required, or we enter an order saying so.

So, of course, there can be a response during this hearing, which I assume would follow your presentation.

MR. FALK: Thank you, Your Honor.

And just so that I can be sure that I'm not sort of skipping something procedurally that I can't get back to, what I'd like to do is outline, on a legal basis, what the objection is, and then, if Your Honor believes it's appropriate, since Mr. Latimore is here on the call with us, I would intend to call him as a witness to ask

him just a very few questions.

THE COURT: This is not an evidentiary hearing. If there is a dispute with regard to a factual matter, which is necessary to resolve the objection, it would be heard on another day.

So if you could launch into your presentation, that would be useful. This is the motion calendar, and there are other people here. So we're not devoting a half an hour to this.

MR. FALK: Understood. Thank you, Your Honor.

THE COURT: Go ahead.

MR. FALK: I'll be brief.

Your Honor can take judicial notice of the contents of the debtor's schedules. On the debtor's schedules, he asserts that he does not own a specific piece of real property at 555 Gun Club Road, West Palm Beach, Florida. He asserts in the schedules that he transferred that property away to some other person prior to the filing of the bankruptcy.

On his Schedule C, where the exemptions are listed, he then attempts to exempt, allegedly, $600,000 in some unspecified real estate. It is a legal necessity that the debtor own property he is seeking to exempt, and he says he does not own this property, so he cannot exempt

it. That's the first basis that this exemption should be denied.

The second basis is that an exemption is only valid if there is a legitimate legal basis for that exemption. The schedules don't specify any legal basis for the exemption. I have sort of filled in the gaps that this may be an attempt to claim a homestead exemption, but it is both larger than the permitted homestead exemption allowed under the Code. The debtor alleges that he is not claiming an exemption in excess of $214,000, and then claims an exemption in excess of $214,000. Without any legal basis, the debtor can't succeed in proving out his exemption, and that is a separate second basis on which this exemption should be denied.

And the third legal basis is that if we interpret things in the light most friendly to the debtor, we could say this might be an attempt to avail himself of Florida's homestead exemption law, but this debtor can't, based on his own admissions in the schedules. This particular property is not listed as the debtor's residential address on the schedules. The Florida -- the applicable Florida law -- I believe it's the Constitution of Florida that's actually the underlying source for this homestead exemption -- requires that a property that's exemptible as a homestead fit within an acreage

limitation, be owned by the person claiming the exemption, and be the residence of the person claiming the exemption. The debtor on his schedules swears that he does not reside here, and, in fact, he can't reside here because this is actually a piece of raw land that used to have a house on it, but that house has been destroyed. No one can reside there.

And, additionally, the house -- this parcel land is too large to fit within the area limitation, but I believe that even with just the information you can take judicial notice of from the debtor's schedules, he's sworn he does not live here, and so he cannot claim a homestead exemption based on a residence where he does not reside. This is the third separate basis for denial of the exemption.

THE COURT: Anything else?

MR. FALK: Without -- just based on the legal arguments and the things that Your Honor may judicially notice, this is all.

THE COURT: Thank you.

Mr. Crane.

MR. CRANE: Yes, Your Honor. Let me tell you more about what was going on.

On May 7th, 2021, Mr. Latimore purchased a property located at 555 Gun Club Road. On October 30th of

2023, Mr. Latimore quick claimed that property to Casa de Greatness, LLC. It is believed that that was an entity owned by Mr. Latimore based upon my review of the foreclosure complaint. But Sunbiz does not record -- does not have a listed Casa de Greatness, LLC on it, so I don't know if it's another -- if it was never formed, but certainly the property appraiser's office says that in October 30th of 2023, there was a deed transferring the property from the debtor to Casa de Greatness. Then there was a foreclosure proceeding that happened in state court. There's a surplus of about $38,000 that's sitting in the court registry, as far as I can tell.

The property was then -- on March 19th, 2025, a certificate of title was issued in favor of someone who purchased the property at the foreclosure sale, and that sale was confirmed by the clerk's office. So when the bankruptcy was filed, Mr. Latimore does not have and had not had a homestead interest in the property.

And so reiterating what counsel for creditor said, I wanted to give you the flavor, and this is -- or the rest of it, based upon my reading of the court files and the property appraiser's office.

THE COURT: Thank you.

Mr. Latimore.

MR. LATIMORE: Good morning, sir. How are

you?

THE COURT: Good. How are you?

So what is your response?

MR. LATIMORE: I have a -- I have a response. First off Ferrari Financial shouldn't be involved in this, because the vehicle that they're claiming was stolen --

THE COURT: Okay. Stop. They have a judgment.

Next, what is your next response?

MR. LATIMORE: So I'm not allowed to --

THE COURT: No. No, they have a judgment. They have standing to participate in your bankruptcy case, so go on to the next argument.

Also the trustee --

MR. LATIMORE: Okay. So --

THE COURT: -- the trustee has lodged the same objection, and the trustee clearly has standing to state the objection.

So next.

MR. LATIMORE: Okay. So the lawyers are claiming that -- they keep claiming this Casa de Greatness is my name. That's false. And if they did their homework, it's not on the Sunbiz. It's another company out of Wyoming --

THE COURT: Okay. So --

MR. LATIMORE: -- so --

THE COURT: -- let me --

MR. LATIMORE: -- it's under --

THE COURT: -- let me -- stop --

MR. LATIMORE: -- it's under the other person's name --

THE COURT: -- stop --

MR. LATIMORE: -- that I don't know.

THE COURT: -- stop. Don't talk when I'm talking.

So what is the address of the building that we're talking about 5555, is it four fives in a row?

MR. LATIMORE: Yes.

MR. CRANE: Yes.

THE COURT: Okay. Well, both counsel used only three fives.

And so do you own that home or any property there, Mr. Latimore?

MR. LATIMORE: The property was still in a deed. So there's a title and there's a deed, so --

THE COURT: Okay. No --

MR. LATIMORE: -- the deed is not --

THE COURT: -- yeah, I want you to answer my question. It's a yes or no question.

You, Ivan Latimore, do you own the property at 555 --

MR. LATIMORE: The deed is still in my name --

THE COURT: The deed --

MR. LATIMORE: -- the deed is still --

THE COURT: -- is still in your name? Really?

MR. LATIMORE: Yeah, the title is not. The deed is.

THE COURT: Okay. The objection is sustained for all the reasons stated in the trustee's objection. You may tender a proposed order each of you.

Mr. Latimore, you are --

MR. LATIMORE: (Inaudible.)

THE COURT: Mr. Latimore, your admissions in your own schedules indicate that you cannot claim an exemption in this property. I am sustaining the objections. I'll expect an order from each counsel.

MR. FALK: Thank you, Your Honor.

THE COURT: Thank you.

MR. LATIMORE: What an idiot.

(Whereupon, the hearing was concluded.)

## CERTIFICATION

STATE OF FLORIDA :

COUNTY OF BREVARD :

I, Anna M. Meagher, Shorthand Reporter, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

WITNESS my hand this 7th day of January, 2026.

_______________________________

ANNA M. MEAGHER,
Shorthand Reporter