UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| IVAN NILES LATIMORE, | Case No. 25-15276-MAM |
| Debtor. | |
| _______________________________________/ | |
| FERRARI FINANCIAL SERVICES, INC. | Adv. Case No. 25-01273-MAM |
| Plaintiff, | |
| v. | |
| IVAN NILES LATIMORE, | |
| Defendant. | |
| _______________________________________/ | |

**PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT AND DEADLINE TO SUBMIT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff FERRARI FINANCIAL SERVICES, INC. ("**FFS**") hereby moves to exceed the page limit for, and extend the deadline to submit, its propose findings of fact and conclusions of law (the "**Proposed Findings**") after trial, and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Section 105(a) of the Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

3. IVAN NILES LATIMORE (the "**Debtor**") filed a *pro se* chapter 7 bankruptcy case on May 12, 2025.

4. On August 11, 2025, FFS commenced this Adversary Proceeding by filing a complaint [DE 1] ("**Complaint**") against the Debtor.

5. Prior to trial, the Debtor refused to stipulate to any facts whatsoever, and no such stipulated facts were entered. A trial in this Adversary Proceeding took place on October 16, 2026. The Debtor appeared and testified under oath.

6. The Complaint sought to deny the Debtor's discharge pursuant to four subsections of Section 727: 11 U.S.C. § 727(a)(2), (3), (4), and (5).

7. The topics at trial covered a wide variety of issues including FFS's contract with the Debtor and prepetition collections, the Debtor's bank accounts, the Debtor's employment, the Debtor's financial arrangements for his son, potential child support claims against the Debtor, the Debtor's assertions of identity theft, the alleged theft of four distinct vehicles, the Debtor's real estate development dealings, the errors and omissions in the Debtor's schedules, and the Debtor's recent arrest.

8. At the conclusion of the trial, the Court instructed FFS to submit Proposed Findings on or about November 13, 2026.

9. FFS ordered the trial transcript on October 19, 2026, with a 14-day turnaround. The transcript was supposed to be made available to FFS on or before November 2, 2026.

10. However, the trial transcript was not produced to FFS until November 10, 2026.

## ARGUMENT

### A. FFS Should Be Permitted to Exceed the 15-Page Limit for its Proposed Findings, and Granted Additional Time

11. Pursuant to the Chambers Procedures for the Hon. Mindy A. Mora, "Unless the Court orders otherwise, proposed orders [containing proposed findings of fact and conclusions of law] shall not exceed 15 pages in length."

12. In this Adversary Proceeding, FFS asserts four distinct claims. While sometimes closely related, the four claims for denial of discharge have distinct elements that must each be proven.

13. Further, the claims are largely not based on simple evidentiary findings, but require a contextual and fact-specific analysis.

14. The factual areas explored at trial are wide-ranging, and the Debtor's testimony was often unfocused, such that a substantial amount of time was spent on a single yes or no question without the record reflecting a clear answer.

15. FFS intends to submit a number of detailed factual findings it believes the Court may appropriately rely upon based on the evidence adduced at trial. However, these facts and the legal conclusions that follow from them are too voluminous to fit in 15 pages. In order to clearly outline all potentially-relevant facts and draw appropriate conclusions upon them for all elements for all causes of action, FFS requires 30 pages.

16. Further, due to the digressions in the Debtor's testimony and the delay in generating the trial transcript, FFS requires additional time to present the proposed findings in a concise, organized manner. FFS requests that the deadline for submitting the Proposed Findings be extended to November 30, 2026.

## **CONCLUSION**

17. For all of the foregoing reasons, FFS respectfully requests that the Court enter an order (a) granting this Motion in its entirety, (b) authorizing FFS to submit Proposed Findings of up to 30 pages, and (c) extending FFS's deadline to submit the Proposed Findings to November 30, 2026.

Dated: November 17, 2026

**SAUL EWING LLP**

By: */s/ Carmen Contreras-Martinez*
Carmen Contreras-Martinez
Florida Bar No. 93475
Turner N. Falk (admitted *pro hac vice*)
701 Brickell Avenue
Suite 1700
Miami, Florida 33131
Telephone: 305-428-4500
carmen.contreras-martinez@saul.com
turner.falk@saul.com
*Attorneys for Ferrari Financial Services, Inc.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 17, 2026, the *PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT AND DEADLINE TO SUBMIT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW* was served on Defendant, Ivan Niles Latimore, via electronic mail at: Showup33@icloud.com.

Dated: November 17, 2026

**SAUL EWING LLP**

By: */s/ Carmen Contreras-Martinez*
Carmen Contreras-Martinez
Florida Bar No. 093475